UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- x
ABDORABAH M. GAISI,

               Petitioner,

   - against -

UNITED STATES OF AMERICA,

               Respondent.
---------------------------------------- x

ORDER

Civil Action No.
CV-04-4549 (DGT)

TRAGER, J.

On October 15, 2004, Abdorabah M. Gaisi ("petitioner"), appearing pro se, filed the instant petition pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is dismissed.

## Discussion

### (1)

On November 6, 2002, petitioner pled guilty under Title 18, United States Code, Section 1028(a)(1), to knowingly and intentionally and without lawful authority producing false identification documents. On June 11, 2003, he was sentenced to 15 months' imprisonment, 3 years' supervised release and a $50,000 fine. His request for a downward departure because of family circumstances was denied. Final judgment was entered on June 30, 2003.

Petitioner raises several claims upon which his sentence should be set aside: (1) he was promised fewer than six months of jail time; (2) neither the government nor the defense attorney advised petitioner that he would be fined and placed under supervised release following release from custody; and (3) his request for downward departure should not have been denied because of a prior verbal agreement with the government that it would not oppose his request.

The government filed its brief in opposition to the petition on March 10, 2005. The government argued, <u>inter alia</u>, that the petition should be dismissed as time-barred. On April 11, 2005, this court received from petitioner a motion requesting that this court rule on his appeal. <u>See</u> Dkt. No. 9. However, because petitioner's motion failed to address the government's claim with respect to timeliness, and because petitioner's address had changed since the filing of his initial request for a writ of habeas corpus, the circumstances surrounding his request raised a question whether he had ever received the government's opposition brief. Consequently, petitioner was sent an additional copy of the government's brief and was permitted an additional 45 days to respond. In a letter dated June 9, 2005, which highlighted the government's argument regarding the time bar under the one-year statute of limitations, petitioner was notified regarding the additional time to file a response. <u>See</u> Dkt. No. 10.

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the date on which the judgment of conviction becomes final." Clay v. United States, 537 U.S. 522, 524 (2003) (internal citation omitted). When there is no appeal, conviction becomes final ten days after entry of judgment in the district court. Rule 4, Federal Rule of Appellate Procedure.

Petitioner was sentenced on June 11, 2003, and judgment was entered on June 30, 2003. Because petitioner failed to file until October 11, 2004, the government argues that his petition should be dismissed as time-barred. In a letter dated July 29, 2005, petitioner insists that the government's opposition brief is untimely and that, while petitioner is "contemplating filing another motion," he chooses at this time not to respond directly to the government's argument regarding the timeliness of his petition. Plaintiff has not supplied - and this court is unaware of - any argument to rebut the government's analysis of the timeliness issue. Thus, the petition, submitted more than three months after the running of the statute of limitations, is indeed time-barred, and must therefore be dismissed.

## Conclusion

For the foregoing reasons, petitioner's motion is denied. The Clerk of the Court is directed to close the case.

Dated:  Brooklyn, New York
        August /, 2005

SO ORDERED:

 s/David G. Trager 
David G. Trager
United States District Judge

Sent to:

Abdorabah M. Gaisi (via U.S. mail)
337 Grand View Blvd.
Yonkers, NY 10710
PRO SE

Tracy Lee Dayton (via email)
United States Attorney's Office
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201